**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BRUD ROSSMANN,

    Plaintiff,

    v.

NATASHA DARTIGUE, et al.,

    Defendants.

Civil Action No.:  25-cv-2593-ABA

**MEMORANDUM**

Plaintiff Brud Rossmann, who is incarcerated at Maryland Reception, Diagnostic and Classification Center ("MRDCC"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a).  Because Plaintiff appears indigent, his request to proceed without pre-payment of the filing fee is granted.  In addition, the Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Plaintiff brings this civil rights Complaint against four current or former public defenders in Maryland.  ECF No. 1.  He asserts that they have violated the rules of professional conduct and otherwise failed to provide adequate legal counsel in his criminal proceedings.  *Id.*  He seeks damages and injunctive relief.  *Id.* at 9.  For the reasons discussed below, Plaintiff's Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Sections 1915(e)(2)(B) and 1915A require an initial screening of this Complaint.  The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state

a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Public defenders, such as the named Defendants, do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk Cnty. v. Dodson*, 454 U.S. 312, 324–25 (1981).  While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required.  *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy).  Other than a vague allegation that Defendant Levy "is in cahoots with Aldouby," Plaintiff does not plead any facts to support a conspiracy.  ECF No. 1 at 5.  Therefore, Plaintiff cannot maintain a § 1983 action against Defendants because they are not state actors.

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), and/or 1915A(b)(1).  Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii)

may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina,* 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. A separate order follows.


October 7, 2025
_____
Date

_____/s/_____
Adam B. Abelson
United States District Judge

3